18687

George M. McDONALD, Respondent, v. KENNETH COTTON MILLS and American Mutual Liability Insurance Company, Appellants.

(156 S. E. (2d) 324)

*Messrs. Rainey, Fant & Horton,* of Greenville *for Appellant,*

*William H. Ballenger, Esq.,* of Walhalla, *for Respondent,*

August 3, 1967.

BRAILSFORD, Justice.

In this workmen's compensation case the South Carolina Industrial Commission affirmed and adopted the opinion of the hearing commissioner, which resolved all issues against the claimant and in favor of the employer. The claimant appealed to the circuit court upon the ground, *inter alia,* that the commission erred in holding that claimant had not been injured by an accident arising out of and in the course of his employment, the error being that the evidence showed there had been such an accidental injury. Upon the argument of the appeal, claimant submitted an additional "ground of appeal," as follows: "That the Commission's finding of facts * * * are only conclusions of law * * * and are therefore reviewable." The circuit court, misconceiving the decision of the court in *Dennis v. Williams Furniture Corp.,* 243 S. C. 53, 132 S. E. (2d) 1, adopted this view of the case and, misapplying *Glenn v. Dunean Mills,* 242 S. C. 535, 131 S. E. (2d) 696, proceeded to review the evidence "in the light most favorable to the claimant." The court made its own findings from the evidence and concluded that claimant had sustained a compensable injury by accident. The case was remanded to the commission for a "determination of claimant's temporary and total disability." Apparently, the "determination" which the court intended for

the commission to make concerned the amounts to be awarded as compensation. The employer has appealed on several grounds which need not be considered *seriatim*.

The burden was upon the claimant to establish that ██ his disability resulted from a compensable injury. Admittedly, he furnished testimony which would have supported a finding by the commission that he was injured by accident while at work on April 12, 1962. However, this inference was opposed by other evidence which tended to establish that claimant's disabling injury was sustained after he left work and while he was engaged in personal activities. The commission's conclusion "that the * * * claimant * * * did not sustain an injury by accident arising out of and in the course of his employment on April 12, 1962, within the meaning of the South Carolina Workmen's Compensation Law" resolved this factual issue against claimant upon sufficient evidence. In this situation the case is controlled by the statutory mandate that the judgment of the commission shall be conclusive and binding as to all issues of fact. Section 72-356, Code of 1962.

*Dennis v. Williams Furniture Corp.*, 243 S. C. 53, 132 S. E. (2d) 1, lends no support to the view that this determination by the commission was a conclusion of law rather than a finding of fact. In that case the claimant sustained injuries while at work on March 4, 1959, and on August 12, 1960. No claim was filed with the commission until December 2, 1960. Without stating any reason therefor, the commission found "as a fact" that the claim was filed within the statutory period of one year and awarded compensation. The circuit court reversed on the ground that the claim was barred by the statute of limitations. This court sustained, holding that there was no competent evidence of any causal connection between the injury of August 12, 1960, and claimant's disability, and hence, none to sustain the commission's finding that the claim was timely filed. In this situation the commission's finding was referred to as a reviewable conclusion of law. With like effect, it could have

been regarded as a finding of fact without any competent evidentiary support.

The case at hand presents the reverse of the situation involved in *Dennis*. Testimony as to previous statements by claimant disclaiming that he was injured while at work alone was sufficient to raise an issue of fact. The determination of this issue was necessarily based upon the inferences which the commission drew from the evidence and was a finding of fact. See *Rhodes v. Guignard Brick Works,* 245 S. C. 304, 140 S. E. (2d) 487.

If claimant was aggrieved by the lack of specificity in the hearing commissioner's findings of fact, he should have sought appropriate relief. No issue thereabout is before us.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.